UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21709-CIV- O'SULLIVAN

[CONSENT]

CLAUDIO DIFRANCESCO, ALBERTO
VILLAVICENCIO and all others similarly
situated,

    Plaintiffs,

v.

HOME FURNITURE LIQUIDATORS, INC.,
FALCO ENTERPRISE, INC. and
DHAFIR KARIM, individually,
SUSAN MARIE PORTER, individually,

    Defendants.
_____/

## ORDER

THIS MATTER came before the Court on Plaintiff Villavicencio's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders Reflected in DE#'s 58, 59 and 61; and for Attorneys Fees and Costs (DE # 62, 11/19/2007) and Plaintiff Difrancesco's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders Reflected in DE#'s 58, 59 and 61 (DE # 63, 11/20/2007). The Court finds that an evidentiary hearing is not required and the matter is otherwise ripe for review. Having reviewed the record, applicable filings and the law, it is hereby

ORDERED AND ADJUDGED that Plaintiff Villavicencio's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders Reflected in DE#'s 58, 59 and 61; and for Attorneys Fees and Costs (DE # 62, 11/19/2007) and Plaintiff Difrancesco's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders

Reflected in DE#'s 58, 59 and 61 (DE # 63, 11/20/2007) are **GRANTED in part and DENIED in part** as more fully discussed below.

## BACKGROUND

On July 7, 2006, the plaintiffs, Claudio Difrancesco and Alberto Villavicencio, filed suit against defendants Home Furniture Liquidators, Inc., Falco Enterprises, Inc. and Dhafir Karim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. See Complaint (DE #1, 7/10/06).

### A.   Default Against the Corporate Defendants

On August 15, 2007, the Court issued an Order (DE# 47) allowing Daniel W. Raab, Esq. to withdraw from the future representation of the defendants, effective September 14, 2007. The August 15, 2007 Order also allowed the defendants, Home Furniture Liquidators and Falco Enterprises, until September 14, 2007, to retain new counsel, and for said counsel to enter a formal appearance with this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). In the August 15, 2007 Order (DE # 47), the Court warned the defendants that if the corporate defendants failed to retain new counsel, or new counsel failed to enter a formal appearance with this Court on or before September 14, 2007, this Court could, based on a motion by the plaintiffs, or sua sponte, enter a default in favor of the plaintiffs and against defendants Home Furniture Liquidators and Falco Enterprises. The corporate defendants failed to

comply with the August 15, 2007 Order. On September 24, 2007, the Court entered a default against the corporate defendants, Home Furniture Liquidators and Falco Enterprises, Inc. See Order (DE# 58, 9/24/07).

### B.   Default Against the Individual Defendant

On August 15, 2007, the undersigned issued an Order (DE # 47) requiring the individual defendant, Dhafir Karim, to retain counsel or "file a notice with the Court indicating the proper address for service of all future pleadings in this matter on or before September 14, 2007." See Order (DE# 47, 8/15/07). Defendant Karim failed to do so.

On September 12, 2007, the Court issued an Amended Order and Notice of Hearing (DE # 54) which provided that "the individual defendant, Dhafir Karim [and] any new counsel for Mr. Karim . . . shall be present at the September 24, 2007 hearing." See Amended Order and Notice of Hearing (DE# 54, 9/12/07) (emphasis added). Neither the individual defendant or new defense counsel appeared at the hearing.  On September 24, 2007, the Court issued an Order (DE# 57) requiring the individual defendant, Dhafir Karim, to comply with the August 15, 2007 Order that he file a notice with the Court indicating the proper address for service of all future pleadings in this matter on or before Tuesday, October 9, 2007.  In this Order (DE# 57), the Court warned the individual defendant that "[t]he failure to comply with this Order will result in a default against defendant Dhafir Karim." The Court further Ordered the individual defendant, Dhafir Karim, to "file with this Court a memorandum addressing why a default judgment should not be entered against him for failure and refusal to abide by this Court's aforementioned Order and failure to appear at the September 24, 2007

hearing" on or before October 9, 2007. The individual defendant did not comply with the Court's Order (DE# 57). On October 10, 2007, the Court entered a default against the individual defendant, Dhafir Karim. See Order (DE# 59, 10/10/07).

### C. The Instant Motions

Plaintiff Villavicencio's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders Reflected in DE#'s 58, 59 and 61; and for Attorneys Fees and Costs (DE # 62) was filed on November 19, 2007. Plaintiff Difrancesco's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders Reflected in DE#'s 58, 59 and 61 (DE # 63) was filed on November 20, 2007. Having received no response from the defendants, the Court issued two Orders (DE# 64 and 65) requiring the defendants to file their responses to the instant motions by December 26, 2007. The Orders (DE# 64 and 65) warned the defendants that the failure to file a response could result in an order granting the instant motions. Id. The defendants failed to file their responses to the instant motions.

## LEGAL ANALYSIS

### A. A Default Judgment in Favor of the Plaintiffs and Against the Defendants Is Warranted

On November 19 and 20, 2007, the plaintiffs filed the instant motions for entry of a final default judgment (DE# 62 and 63). It is well-settled that the entry of a judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985) (citing Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a default judgment. See Bonanza Intern.,

Inc. v. Corceller, 480 F.2d 613, 614 (5th Cir.1973).[1] The Court finds that the defendants have failed to comply with its October 15, 2007, September 12, 2007, September 24, 2007 and December 12, 2007 Orders. Accordingly, the plaintiffs are entitled to judgment by default against the defendants.

    **i.    Actual Damages**

Plaintiff Villavicencio seeks $13,400.00 in damages. Plaintiff Difrancesco seeks $6,210.00 in damages. Plaintiff Villavicencio supports his damages claim through an affidavit. Plaintiff Difrancesco supports his damages claim through sworn interrogatory responses and through allegations in the complaint. The Court finds that these documents are sufficient to support the plaintiffs' damages claims.

    **ii.    Attorney's Fees**

The plaintiffs are entitled to an award of reasonable attorney's fees incurred in connection with this lawsuit. The Fair Labor Standards Act ("FLSA") provides for the recovery of attorney's fees for a prevailing plaintiff. See 29 U.S.C. § 216(b). A fee award under § 216(b) of the FLSA is mandatory to a prevailing employee. Christiansburg v. Garment Co. v. EEOC, 434 U.S. 412, 415 & n. 5 (1978) (noting that § 216(b)'s use of the word "shall" "make[s] fee awards mandatory for prevailing plaintiffs").

In calculating a reasonable attorney's fee award, the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee

---

[1] Pursuant to Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

charged in this community for similar legal services. See Henesley v. Eckerhart, 461 U.S. 424 (1983). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888 (1984).

### a. Reasonable Hourly Rate

The Court must first evaluate the plaintiffs' requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 896 (1984). In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) citing Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for

such work. Norman, 836 F.2d at 1299. Furthermore, the Court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Norman, 836 F.2d at 1303 citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976).

The plaintiffs request an hourly rate of $300.00 for their counsel, K. David Kelly. The plaintiffs have not submitted an affidavit or other evidence from legal practitioners who are familiar with the type of legal service provided and the prevailing market rate for such work. Nonetheless, based on counsel's reputation and experience in the areas of the applicable law and the Court's familiarity with FLSA litigation and attorneys' fees in general, the Court finds that an hourly rate of $250.00 for Mr. Kelly is reasonable. The undersigned recognizes that Mr. Kelly is experienced in the area of FLSA litigation.

    **b.**  **Hours Reasonably Expended**

The Court must next evaluate the plaintiffs' requested fee for reasonableness in terms of the total hours expended by the plaintiffs' counsel. The plaintiffs request attorney's fees in the amount of $15,075.00. This amount is reduced to $12,562.50 using the Court's reasonable attorney rate of $250.00. The plaintiffs support their fee request by submitting itemized billing entries.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). If there is inadequate documentation or if the Court finds a claim for

hours to be "excessive or unnecessary," the Court may reduce the number of hours for which fees will be awarded. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).

Upon independent and careful review of the plaintiffs' billing records submitted to this Court, the undersigned finds that the time entries were contemporaneous, complete, standardized and accurately reflect the work done by the plaintiffs' counsel. However, $2,487.50 (at a rate of $250.00) in reductions for excessive time entries are warranted.

The following are examples of excessive time entries.[2] The Court finds that a total of 9 hours (December 11-12, 2006) to meet with the plaintiffs and draft responses to the defendants' discovery requests is excessive. The Court finds that 3.5 hours is a reasonable amount of time for this task and will reduce the plaintiffs' requested attorney's fees accordingly. Additionally, the Court finds that 12 minutes to prepare the consent to magistrate jurisdiction form is excessive and will reduce this amount to six minutes. Similarly 1.5 hours (including travel time) to attend a ten minute status conference before the undersigned is excessive. See Minutes (DE# 26, 1/8/07). The Court finds that a reasonable amount of time is 1.1 hours with travel time. Similarly, the Court finds that .6 for the plaintiffs' two page motion for enlargement of time which cites no case law is excessive. The Court will reduce this amount to .2. Lastly, the Court finds

---

[2] The examples listed by the Court are representative and do not show all reductions made by the Court for excessive time entries.

that four hours to review the file and prepare the instant motions is excessive. The Court notes that the instant motions are two and three pages each and are not supported by case law. The Court finds that two hours, including drafting the supporting documentation, is more appropriate.

After careful review of the plaintiffs' billing records, the Court finds that a total reduction of $2,487.50 is warranted and that the plaintiffs are entitled to recover **$10,075.00** ($12,562.50 minus $2,487.50) in attorney's fees.

### iii.   Costs

The plaintiffs also seek costs in the amount of $1,877.30. The plaintiffs are entitled to recover costs under 28 U.S.C. § 1920. Section 1920 provides:

> A judge or clerk of any of the United States courts may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and copies of papers necessarily obtained for use in case;
>
> (5)   Docket fees under § 1923 of this title
>
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

The Court finds that the plaintiffs are entitled to costs as followings:

| Cost | Amount Requested | Amount Allowed |
|---|---|---|
| Filing Fee | $350.00 | $350.00 |
| Service on three defendants | $140.00 | $140.00 |
| Attempted service on S. Fink, N. Cruz and Marie Porter (2 times) | $175.00 | $175.00 |
| Mediation Fee | $340.00 | $0.00 |
| Certificate of Non-Appearance and reporter's fee for unspecified defendant's deposition | $90.00 | $90.00 |
| Deposition transcript of S. Fink | $277.30 | $277.30 |
| Witness fee check for S. Fink | $40.00 | $40.00 |
| Deposition transcript fee for defendant Karim and reporter appearance fee | $465.00 | $465.00 |
| Total: | $1,877.30 | $1,537.30 |

In accordance with section 1920, the Court finds that the plaintiffs are entitled to recover **$1,537.30** in costs. The Court finds that the plaintiffs are not entitled to mediation fees. Mediation fees are not specifically enumerated in 28 U.S.C. § 1920. As such, the plaintiffs' cost award will be reduced by $340.00 for mediation fees.

## **CONCLUSION**

Based on the defendants' continuous disregard of this Court's Orders, the entry of a judgment by default is warranted. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff Villavicencio's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders Reflected in DE#'s 58, 59 and 61; and for Attorneys Fees and Costs (DE # 62, 11/19/2007) and Plaintiff Difrancesco's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) and Court Orders

Reflected in DE#'s 58, 59 and 61 (DE # 63, 11/20/2007) are **GRANTED in part and DENIED in part**. It is further

ORDERED AND ADJUDGED that plaintiff Villavicencio is entitled to damages in the amount of $13,400.00. It is further

ORDERED AND ADJUDGED that plaintiff Difrancesco is entitled to damages in the amount of $6,210.00. It is further

ORDERED AND ADJUDGED that the plaintiffs are entitled to an award of $10,075.00 in attorney's fees and $1,537.30 in costs. **A final default judgment in favor of each plaintiff and against the defendants shall follow.** It is further

ORDERED AND ADJUDGED that counsel for the plaintiffs shall **promptly mail a copy of this Order to the defendants**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **2nd** day of January, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Dhafir Karim
P.O. Box 551926
Ft. Lauderdale, FL 33355-1926