UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21709-CIV- O'SULLIVAN

[CONSENT]

CLAUDIO DIFRANCESCO, ALBERTO
VILLAVICENCIO and all others similarly
situated,

    Plaintiffs,

v.

HOME FURNITURE LIQUIDATORS, INC.,
FALCO ENTERPRISE, INC. and
DHAFIR KARIM, individually,
SUSAN MARIE PORTER, individually,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the plaintiffs' Motion for Issuance of Continuing Writ of Garnishment After Judgment (DE #72, 6/16/08).  Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the plaintiffs' Motion for Issuance of Continuing Writ of Garnishment After Judgment (DE #72, 6/16/08) is **GRANTED in part and DENIED in part**.  It is further

ORDERED AND ADJUDGED that counsel for the plaintiffs shall **promptly mail a copy of this Order to the defendants**.

The plaintiffs seek a continuing writ of garnishment after judgment as to garnishee REEP, Inc. d/b/a OSS, Inc. (herein after "garnishee").  On January 2, 2008, the plaintiffs obtained a judgment in the amount of $31,222.30 against the defendants.

To date, the plaintiffs have not been able to satisfy that judgment. Through post-judgment discovery, the plaintiffs learned that the garnishee is indebted to the individual defendant, Dhafir Karim, in the amount of $6,356.90 and that the individual defendant receives payments from the garnishee in the amount of $430.14 per day and a $50.00 phone allowance per month for work performed by the individual defendant. On June 16, 2008, the plaintiffs filed the instant Motion for Issuance of Continuing Writ of Garnishment After Judgment.  On July 7, 2008, after failing to receive a response from the defendants, the Court issued an Order (DE #74) requiring the defendants' compliance with Local Rule 7.1 by filing a response on or before July 23, 2008.  The Order warned the defendants that the failure to file a response could result in an order granting the plaintiffs' motion in its entirety.  To date, the defendants have not filed a response.[1] Although the Court did not receive a response from the defendants, the Court will consider the merits of the plaintiffs' motion.

>Section 77.0305, Florida Statutes, states, in part, that:

>[n]otwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of *a portion* of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order . . . .

Fla. Stat. §77.0305 (emphasis added).  The instant motion and the proposed order do not state what portion of the individual defendant's salary the plaintiffs seek to garnish. Continuing writs are subject to the federal Consumer Credit Protection Act and Florida

---

[1] On July 7, 2008, the plaintiffs filed a Notice of Compliance (DE #75), notifying the court that they served the defendants with the Court's Order (DE #74) on July 7, 2008.

exemptions. Fla. Stat. §222.11(2)(c).  Since the defendants have failed to file a response raising exemptions, no exemptions apply in the instant case.  See In re Parker, 147 B.R. 810, 812 (M.D. Fla. 1992) (noting that the debtor has the burden of establishing entitlement to exemptions).  Section 1673 of the Consumer Credit Protection Act provides the maximum amount that may be garnished.  It states that the amount to be withheld from salary or wages should not exceed 25% of the debtor's disposable earnings. 15 U.S.C. §1673.

Accordingly on or before **August 7, 2008**, the plaintiffs shall submit to the Court a proposed writ of garnishment that complies with the Florida garnishment statute and the federal Consumer Credit Protection Act.  The proposed continuing writ of garnishment shall advise the garnishee on how to compute the proper garnishment amount.  The garnishee is allowed an administrative fee for actual expenses not to exceed the amount allowable under Fla. Stat. §77.0305.  The writ shall permit the Garnishee to collect up to $5.00 against the salary or wages of the individual plaintiff to reimburse the garnishee for administrative costs for the first deduction and up to $2.00 for each deduction thereafter. Fla. Stat. §77.0305.

DONE AND ORDERED in Chambers, at Miami, Florida this **31st** day of July, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

Dhafir Karim
P.O. Box 551926
Ft. Lauderdale, FL 33355-1926