UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21709-CIV- O'SULLIVAN

[CONSENT]

CLAUDIO DIFRANCESCO, ALBERTO
VILLAVICENCIO and all others similarly
situated,

    Plaintiffs,

v.

HOME FURNITURE LIQUIDATORS, INC.,
FALCO ENTERPRISE, INC. and
DHAFIR KARIM, individually,
SUSAN MARIE PORTER, individually,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiffs' Motion for Issuance of Final Writ of Garnishment After Judgment (DE # 81, 10/06/08) as to Garnishee REEP, Inc. D/B/A OSS, Inc.  Having reviewed the applicable filings and the law and having held a hearing on October 23, 2008, it is

ORDERED AND ADJUDGED that the plaintiffs' Motion for Issuance of Final Writ of Garnishment After Judgment (DE # 81, 10/06/08) is **GRANTED in part and DENIED in part** for the reasons discussed below.

On January 2, 2008, the plaintiffs obtained a judgment in the amount of $31,222.30 against the defendants. To date, the plaintiffs have not been able to satisfy that judgment. Pursuant to a writ of garnishment, the plaintiffs learned that garnishee REEP, Inc. d/b/a OSS, Inc. is indebted to the individual defendant, Dhafir Karim, in the amount of $6,356.90 and that the individual defendant receives payments from the

garnishee in the amount of $430.14 per day and a $50.00 phone allowance per month for work performed by the individual defendant. <u>See</u> Answer of Garnishee (DE# 73, 6/17/08)[1] filed by REEP, Inc. d/b/a OSS, Inc. No subsequent writ of garnishment was issued to REEP, Inc. d/b/a OSS, Inc. and the garnishee did not amend its answer.

On October 6, 2008, the plaintiffs filed the instant Motion for Issuance of Final Writ of Garnishment After Judgment (DE # 81, 10/06/08). On that day, the Court issued an Order requiring the defendants to respond by October 14, 2008. <u>See</u> Order (DE# 82, 10/6/08). The defendants have not responded. The Court has reviewed the file and documentation submitted in support of the instant motion and finds that the plaintiffs are entitled to a final judgment in garnishment in the amount of $6,356.90, that amount identified in REEP, Inc. d/b/a OSS, Inc.'s answer dated June 10, 2008.

The plaintiffs seek a final judgment in garnishment in the amount of $35,479.18. This amount includes the $31,222.30 final judgment award, $100 for the writ issuance fee and $4,156.88 in attorney's fees in relation to the garnishment of the individual defendant's property. The plaintiffs' attorney's fee request is addressed in a separate Order.

The plaintiffs cite to Fla. Stat. § 77.081 in support of their motion. Section 77.081 states as follows:

> (1) **If the garnishee fails to answer as required, a default shall be entered against him or her.**
>
> (2) On the entry of judgment for plaintiff, a final judgment shall be entered against the garnishee for the amount of plaintiff's claim with interest and

---

[1] Although the garnishee's answer was not docketed until June 16, 2008, it was executed on June 10, 2008 and attached as an exhibit to the plaintiffs' Motion for Issuance of Continuing Writ of Garnishment After Judgment (DE# 72, 6/16/08).

> costs. No final judgment against a garnishee shall be entered before the entry of, or in excess of, the final judgment against the original defendant with interest and costs. If the claim of the plaintiff is dismissed or judgment is entered against the plaintiff the default against garnishee shall be vacated and judgment for the garnishee's costs entered.

Fla. Stat. § 77.081 (emphasis added). Section 77.081 is inapplicable to the instant case because the garnishee, REEP, Inc. d/b/a OSS, Inc., did file an answer. See Answer of Garnishee (DE# 73, 6/17/08). Because section 77.081 is inapplicable, the plaintiffs have not shown that they are entitled to "the costs of garnishment in the amount of $100 . . . for the writ issuance fee" under this section. See Motion for Issuance of Final Judgment in Garnishment After Judgment (DE# 81 at ¶ 8, 10/6/08) (citing Fla. Stat. § 77.081 as basis for $100 cost recovery).[2]

Although not cited by the plaintiffs, section 77.083 of the garnishment statute applies here. It states:

> Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer **shall be entered for the amount of his or her liability as disclosed by the answer** or trial. Instead of scire facias, the court may subpoena the garnishee to inquire about his or her liability to or possession of property of the defendant. No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.

Fla. Stat. § 77.083 (emphasis added). Section 77.06(1) states that "[s]ervice of the writ shall make garnishee **liable** for all debts due by him or her to defendant . . . in the garnishee's possession or control **at the time of the service of the writ or at any time between the service and the time of the garnishee's answer.**" Fla. Stat. § 77.06(1)

---

[2] Section 77.081(2), Fla. Stat., is further not applicable to the instant case because it applies to prejudgment writs of garnishment. See BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254, 256 (Fla. 1997) ("find[ing] that section 77.081(2) applies only to a prejudgment writ of garnishment.").

(emphasis added). Thus,

> under Section 77.06(1), Florida Statutes (1983), the garnishee is liable to the garnishor creditor (a) for all debts which the garnishee owes to the defendant debtor at the time the writ of garnishment is filed, and (b) for all such similar debts incurred by the said garnishee between service of the said writ and the time the garnishee serves an answer thereto disclosing all such debts owed and properly garnishes all the debtor's funds held by the garnishee.

Dixie Nat. Bank v. Chase, 485 So.2d 1353, 1356 (Fla. 3d DCA 1986). Here, the garnishee, REEP, Inc. d/b/a OSS, Inc., filed an answer dated June 10, 2008 disclosing the $6,356.90 amount. The garnishee has not filed an amended answer and the plaintiffs have not sought the issuance of a second writ of garnishment. Instead, the plaintiffs attached correspondence dated October 3, 2008 to counsel for the garnishee memorializing a conversation and indicating that as of September 30, 2008 the total amount garnished was $48,187.55. The correspondence also contains a handwritten notation signed by what appears to be the garnishee's attorney dated October 4, 2008 and stating: "To the best of my knowledge this is correct." See Motion for Issuance of Final Judgment in Garnishment After Judgment (81-3, 10/6/08). "Garnishment statutes are in derogation of the common law and must be strictly construed." Paz v. Hernandez, 654 So. 2d 1243, 1244 (Fla. 3d DCA 1995). Because Fla. Stat. § 77.083 provides for judgment against the garnishee to be entered for the amount of his or her liability as disclosed by the answer, the Court will limit the final judgment in garnishment to $6,356.90. See Chaachou v. Kulhanjian, 104 So.2d 23, 25 (Fla. 1958) (finding that future earnings were not subject to garnishment; garnishee was answerable only for "any earnings of the defendant that were accrued and unpaid at the time the writ was served and thereafter earned by the defendant, up to the date of the filing of the

garnishee's answer, but not beyond that date"). The plaintiffs are not precluded from filing a second motion for issuance of writ of garnishment after judgment as to REEP, Inc. d/b/a OSS, Inc. or any other garnishee for the remaining unpaid final judgment.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **24th** day of October, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Copies mailed by Chambers to:

Dhafir Karim
P.O. Box 551926
Ft. Lauderdale, FL 33355-1926

Dhafir Karim
13960 SW 14 Street
Davie, FL 33326

Luvi Teroc-Velino, Esq.
1876 Bureau Dr.
Fayetteville, NC 28312-8832