UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21709-CIV-O'SULLIVAN

[CONSENT]

CLAUDIO DIFRANCESCO, ALBERTO
VILLAVICENCIO and all others similarly
situated,

    Plaintiffs,

v.

HOME FURNITURE LIQUIDATORS, INC.,
FALCO ENTERPRISE, INC. and
DHAFIR KARIM, individually,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion for Issuance of Final Judgment in Garnishment After Judgment and Notice of Defendants Failure to Respond (DE # 102, 11/21/08) and Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 94, 10/27/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Issuance of Final Judgment in Garnishment After Judgment and Notice of Defendants Failure to Respond (DE # 102, 11/21/08) is **GRANTED** for the reasons set forth below. It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 94, 10/27/08) is **GRANTED in part DENIED in part**.

**BACKGROUND**

On January 2, 2008, the plaintiffs obtained a judgment in the amount of $31,222.30 against the defendants. See Final Default Judgment (DE# 67, 1/2/08). To date, the plaintiffs have not been able to satisfy that judgment. On May 29, 2008, the plaintiffs moved for the issuance of a writ of garnishment against REEP, INC. d/b/a OSS, Inc. (hereinafter "REEP" or "garnishee"). See Motion for Issuance of Writ of Garnishment after Judgment (De# 68, 5/29/08). The Clerk of the Court issued the writ on the same day. See Writ of Garnishment (DE# 69, 5/29/08).

The garnishee served its answer to the writ on June 10, 2008 (DE# 73, 6/17/08).[1] In its answer, the garnishee advised that it had money owed to the individual defendant, Dhafir Karim, totaling $6,356.90 and that it would owe Mr. Karim for work performed at a daily rate of $430.14. See Answer of Garnishee (DE# 73, 6/17/08). On June 16, 2008, the plaintiffs moved for a continuing writ of garnishment against the garnishee. See Motion for Issuance of Continuing Writ of Garnishment after Judgment (DE# 72, 6/16/08). The Court granted in part and denied in part the plaintiffs' motion for continuing writ of garnishment and required that the plaintiffs file a proposed continuing writ of garnishment with the Court that complied with the Florida garnishment statue and the Federal Consumer Credit Protection Act. See Order (DE# 77, 7/31/08). Instead of filing a proposed continuing writ of garnishment, the plaintiffs sought reconsideration of the Court's Order (DE# 77). See Plaintiffs' Motion to Reconsider Order in Re:

---

[1] The garnishee's answer was served on June 10, 2008 and filed with the Court on June 17, 2008.

Continuing Writ of Garnishment (DE# 77) and Notice of Inability to Comply with (DE# 77) (DE# 78, 8/1/08). In their motion for reconsideration, the plaintiffs disclosed to the Court, for the first time, that Mr. Karim was an independent contractor and not an employee of the garnishee. Id. The Court denied the plaintiffs' motion because under Florida's garnishment statute continuing writs of garnishment are available only for the garnishment of salary or wages. See Order (DE# 80, 9/29/08).

On October 6, 2008, the plaintiffs moved for the issuance of a final judgment in garnishment after judgment. See Motion for Issuance of Final Judgment in Garnishment after Judgment (DE# 81, 10/6/08). On October 23, 2008, the Court held a hearing on the plaintiffs' Motion for Issuance of Final Judgment in Garnishment after Judgment (DE# 81, 10/6/08) and Plaintiffs' Verified Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 79, 8/1/08). Following the hearing, the plaintiffs filed their second motion for writ of garnishment directed at the garnishee. The Clerk issued the Second Writ of Garnishment on October 23, 2008. See Second Writ of Garnishment (DE# 90). The Court denied the plaintiffs' motion for attorney's fees without prejudice and granted in part and denied in part the plaintiffs' Motion for Issuance of Final Judgment in Garnishment after Judgment (DE# 81, 10/6/08). See Orders (DE# 91-92, 10/24/08). The Court issued a final judgment against the garnishee in the amount of $6,356.90.[2] See Final Judgment in Garnishment (DE# 93, 10/24/08).

On October 27, 2008, the plaintiffs filed Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Attorney's Fees in Re: Collection of Final Judgment D.E. 79 and

---

[2] The amount disclosed in the garnishee's answer to the first writ of garnishment. See Answer of Garnishee (DE# 73, 6/17/08).

3

Order D.E. 91 (DE# 94, 10/27/08). On October 28, 2008, the garnishee filed its answer to the second writ of garnishment disclosing that it had in its possession $55,070.88 as of October 15, 2008 and would have $61,954.21 for the pay date of October 31, 2008 belonging to Mr. Karim.

On October 28, 2008, the plaintiffs filed notice with the Court that they had mailed to Mr. Karim a copy of the plaintiffs' motion for second writ of garnishment, the garnishee's answer and the second writ pursuant to Section 77.055 of the Florida Statutes. See Notice of Mailing Second Writ of Garnishment and Garnishee's Answer to Plaintiffs' Second Writ of Garnishment to Defendant Dhafir Karim (DE# 98, 10/28/08). Mr. Karim did not filed a motion to dissolve the subject writ of garnishment pursuant to Section 77.055 of the Florida Statutes or request a hearing to dissolve the garnishment within 20 days of the notice pursuant to Section 77.041.

On November 21, 2008, the plaintiffs filed a motion for issuance of final judgment as to the second writ of garnishment. See Plaintiffs' Motion for Issuance of Final Judgment in Garnishment after Judgment and Notice of Defendants Failure to Respond (DE# 102, 11/21/08). To date, the defendants have not filed any response to the subject motion. The subject motion is ripe.

## LEGAL ANALYSIS

**1.    Plaintiffs' Motion for Issuance of Final Judgment in Garnishment after Judgment**

Florida's procedure in aid of execution governs the instant action. See Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to

4

be strictly construed.  <u>Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.</u>, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001).

To obtain a writ of garnishment after judgment, the plaintiff is required to file a motion stating the amount of the judgment.  Fla. Stat. § 77.03. After the writ of garnishment is issued, Chapter 77 requires the plaintiff to provide two separate notices in connection with the garnishment proceeding.

Sub-section 77.041(1) prescribes the first provision for notice to the defendants and the exact language of a "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property." Fla. Stat. § 77.041(1).  Sub-section 77.041(2) requires the plaintiff to

> mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' [set forth in sub-section 77.041(1)] to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later ... The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.041(2).

Section 77.055 prescribes the second notice requirement once the garnishee has filed its answer.  Section 77.055 provides, in the pertinent part:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.055.

The plaintiffs evidenced compliance with the notice requirements of Section 77.041 by filing its Notice of Mailing on October 28, 2008, that contained a copy of the second writ of garnishment, a copy of the motion for second writ of garnishment and the Notice to Defendants pursuant to Section 77.041. See Notice of Mailing Second Writ of Garnishment and Garnishee's Answer to Plaintiffs Second Writ of Garnishment to Defendant Dhafir Karim (DE# 98, 10/28/08).[3] On November 13, 2008, the plaintiffs filed a notice indicating that they had mailed a copy of the garnishee's answer to the second writ of garnishment on Mr. Karim. See Second Notice of Mailing Second Writ of Garnishment and Garnishee's Answer to Plaintiffs Second Writ of Garnishment to Defendant Dhafir Karim (DE# 101, 11/13/2008). The plaintiffs' notice advised Mr. Karim that he had 20 days to file a claim of exemption or a claim to dissolve the writ. Id. The plaintiffs complied with the notice requirements prescribed by Section 77.055.

Mr. Karim did not move to dissolve the writ of garnishment and did not request a hearing within 20 days of the plaintiffs' notice. Mr. Karim has not filed a response and has not timely sought to dismiss the writ. Fla. Stat. § 77.07(2).[4]

Having satisfied the requirements of Chapter 77 of the Florida Statutes, the plaintiffs are entitled to judgment against the garnishee, REEP, INC. d/b/a OSS, Inc., in

---

[3] The plaintiffs' notice also indicated that they had mailed a copy of the garnishee's answer to the second writ of garnishment. See Notice of Mailing Second Writ of Garnishment and Garnishee's Answer to Plaintiffs Second Writ of Garnishment to Defendant Dhafir Karim (DE# 98, 10/28/08).

[4] On December 22, 2008, the undersigned's Chambers received a call from the garnishee indicating that the individual defendant had contacted the garnishee and expressed a desire to pay the outstanding judgment.

the total amount of $24,865.40,[5] plus statutory interest. 28 U.S.C.A. § 1961(a).

**2.     Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Attorney's Fees in Re: Collection of Final Judgment**

The plaintiffs also ask the Court to reconsider its prior ruling denying their request for attorney's fees incurred in collecting the judgment. The Court initially denied the plaintiffs' request for post-judgment attorney's fees without prejudice based on the plaintiffs' failure to provide the Court with any case law or other authority supporting an award of attorney's fees for the plaintiffs' efforts to collect the unpaid final judgment. See Order (DE# 91, 10/24/08).

   **a.     Entitlement**

In their motion for reconsideration, the plaintiffs provide the Court with the following as a basis for awarding attorney's fees for efforts made in collecting the final judgment: "The collection of said final judgment is a continuation of the pursuit that was initiated upon the filing of this lawsuit, to insure the Plaintiffs receive proper compensation for the wages that they are owed." Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 94 at 2, 10/27/08). In further support, the plaintiffs attach as an exhibit an Order signed by the Court in Gonzalez v. Catalina Cold Transfer, Inc., No. 05-20549-CIV-ALTONAGA, wherein the Court signed the proposed order presented by the plaintiffs awarding the plaintiffs $435.00 for attorney's fees and costs associated with the garnishment proceeding. The Court's order in Gonzalez does not provide any case law or reasoning

---

[5] $31,222.30 minus $6,356.90. See Final Judgment in Garnishment (DE# 93, 10/24/08).

supporting a supplemental fee award for the garnishment proceedings. The plaintiffs have failed to meet their burden in supporting their entitlement to an award of attorney's fees for the collection of a final judgment obtained pursuant to the FLSA. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (the plaintiff bears the burden of establishing entitlement to attorney's fees). Nonetheless, the Court will undertake the legal analysis that was not done by the plaintiffs and consider the plaintiffs' fee request.

Congress encourages the filing of meritorious FLSA claims by providing for the recovery of reasonable attorney's fees. Silva v. Miller, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). Section 216(b) of the FLSA provides in part: "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Whether attorney's fees extend to collection proceedings in FLSA cases is not settled. The district court in Arellano v. Kimball Const. Co. L.L.C., No. 2:06-CV-726 TS, 2008 WL 4330763 (D. Utah Sept. 22, 2008) found that attorney's fees in garnishment proceedings were not available under the FLSA. In Arellano, the plaintiff sought attorney's fees for responding to the defendant's request for an evidentiary hearing contesting the garnishment. Id. at *1. The district court denied the plaintiff's fee request under the FLSA[6] reasoning that "no additional fees are awardable under the FLSA

---

[6] The district court did award attorney's fees based on the defendant's conduct finding that the request for hearing on the writ was frivolous. Id. at *1. "Based upon [the defendant's] failure to provide a basis for his position, either in written form or by appearing at the evidentiary hearing, the Court finds that [the defendant] acted in bad faith by attempting to delay the Writ without a factual basis." Id.

because the judgment entered on that claim included attorney fees related to the FLSA. That judgment finally resolved the FLSA claim." Id.

By contrast, the decision in Doden v. Plainfield Fire Protection Dist., 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In Doden, the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. Id. at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." Id. at *5.

The courts have awarded post-judgment collection fees in cases involving other federal statutes. In Free v. Briody, 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." Id. at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more

9

sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." Id. at 809.

Similarly, attorney's fees for work in collecting a judgment have been awarded under the Fair Debt Collection Practices Act ("FDCPA"). Nunez v. Interstate Corporate Systems, 799 P. 2d 30, 31 (Ariz App. 1990). In Nunez, the state appellate court reasoned as follows:

> Under 15 U.S.C. § 1692k(a)(3) the award of reasonable attorneys' fees in any action to enforce liability under the Fair Debt Collection Practices Act is required. **In our view, this provides statutory authority not only to award fees in the initial action but also in any action, such as this one, to enforce the judgment obtained in that initial action.** Were we to hold otherwise, we would defeat the congressional purpose of encouraging the bringing of suit by small claimants as a means of ending abusive debt collection practices by creating the impediment of substantial costs and fees to enforcing any judgment where the abusive debt collector has also engaged in a transfer in fraud of creditors.

Id. at 31-32 (emphasis added); see also Shaw v. AAA Engineering & Drafting, Inc., 213 F.3d 538, 544-45 (10th Cir. 2000) (holding that the attorney's fees provisions of the False Claims Act allowed an award of fees for time spent in post-judgment collection activities and looking to civil rights cases and Clean Air Act cases for guidance).

The Court finds that the reasoning in Free and Nunez is equally applicable to the instant case and concludes that reasonable attorney's fees for collecting a final judgement are available under the FLSA.

    **b.**    **Reasonable Hourly Rate**

Having determined that the plaintiffs are entitled to an award of reasonable attorney's fees incurred in collecting the judgment, the Court next addresses the appropriate amount of that fee award. In calculating a reasonable attorney's fee award,

the Court must consider the number of hours reasonably expended on the post-judgment collection proceeding, together with the customary fee charged in this community for similar legal services. See Henesley v. Eckerhart, 461 U.S. 424 (1983). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

The Court must first evaluate the plaintiffs' requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the proceeding together with the customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 896 (1984). In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) citing Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993).

The plaintiffs request an hourly rate of $300.00 for Mr. Zidell and $137.50 for Mr. Feld. See Plaintiffs' Verified Motion for Attorney's Fees in Re: Collection of Final

Judgment (DE# 79 at 2, 8/1/08). The plaintiffs have not submitted an affidavit or other evidence from legal practitioners who are familiar with the type of legal service provided and the prevailing market rate for such work. Nonetheless, based on counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with collection proceedings and attorney's fees in general, the Court finds that hourly rates of $300.00 for Mr. Zidell and $137.50 for Mr. Feld are reasonable. The undersigned recognizes that Mr. Zidell and Mr. Feld are skilled attorneys with experience in the pertinent area and the respective hourly rates for Mr. Zidell and Mr. Feld are reasonable.

      c.      **Hours Reasonably Expended**

The Court must next evaluate the plaintiffs' requested fee for reasonableness in terms of the total hours expended by plaintiffs' counsel. The plaintiffs' motion requests reimbursement for 12 hours for Mr. Zidell and 4.05 hours for Mr. Feld, for a total of 16.05 hours. See Plaintiffs' Verified Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 79 at 2, 8/1/08). The plaintiffs submit itemized billing descriptions in Plaintiffs' Verified Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 79 at 2, 8/1/08).

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). If there is inadequate documentation or if the Court finds a claim for

hours to be "excessive or unnecessary," the Court may reduce the number of hours for which fees will be awarded. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).

Upon independent and careful review of the plaintiffs' billing descriptions submitted to this Court, the undersigned finds that the time entries were contemporaneous, complete, standardized and accurately reflect the work done by the plaintiffs' counsel.  However, significant reductions for unnecessary or excessive time entries are warranted. The Court finds that the two hours spent by Mr. Feld drafting the plaintiffs' motion for continuing writ of garnishment, drafting the proposed order and conducting research on continuing writs or garnishment should be disallowed in its entirety. As noted in the Court's Order (DE# 80, 9/29/08), the plaintiffs were not entitled to a continuing writ of garnishment as a matter of law because the amounts sought to be garnished were not wages or salary as required by Florida's continuing writ of garnishment statute, Fla. Stat. 77.0305. The Court will also disallow the four hours spent by Mr. Zidell drafting and researching the motion for reconsideration of the continuing writ of garnishment. The Court notes that there was no legal basis for granting the motion for reconsideration. More importantly, the motion for reconsideration (and the original motion for continuing writ of garnishment) could have been avoided had counsel not (incorrectly) led this Court to believe that the amount sought to be garnished constituted Mr. Karim's wages or salary. See Order (DE# 80 at 5-6, 9/29/08). Lastly, the Court finds that 1.5 hours spent by Mr. Zidell in drafting

Plaintiffs' Verified Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 79, 8/1/08) is excessive. The plaintiffs submitted to the Court a scant fee motion with no case law supporting the plaintiffs' entitlement to a fee award in the instant post-judgment proceeding. The plaintiffs' failure to provide any legal analysis prompted the Court to deny the plaintiffs' motion without prejudice to renew provided that the renewed motion was supported by case law or other authority. See Order (DE# 91, 10/24/08). Accordingly, the Court will reduce the fee motion by half to .75.

Based on the foregoing, the plaintiffs are entitled to recover **$2,456.88** ($4,156.88 minus $1,700.00) in attorney's fees for collecting on the final judgment.

## CONCLUSION

In accordance with the foregoing, Plaintiffs' Motion for Issuance of Final Judgment in Garnishment After Judgment and Notice of Defendants Failure to Respond (DE # 102, 11/21/08) is **GRANTED**. The plaintiffs are entitled to a judgment in the amount of **$24,865.40, (plus statutory interest for the total judgment award)**[7] from the amounts presently held by the garnishee. The Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Attorney's Fees in Re: Collection of Final Judgment (DE# 94, 10/27/08) is **GRANTED in part and DENIED in part**. The plaintiffs are entitled to reasonable attorney's fees for their collection efforts in the amount of **$2,456.88** to be

---

[7] By **Tuesday, January 20, 2009**, the plaintiffs shall provide a detailed computation of the amount of statutory interest due. A final judgment in garnishment in favor of the plaintiffs and against defendant Dhafir Karim will follow.

collected from the amount garnished.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **6th** day of January, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Copies mailed by Chambers to:

Dhafir Karim
P.O. Box 551926
Ft. Lauderdale, FL 33355-1926

Dhafir Karim
13960 SW 14 Street
Davie, FL 33326

Dhafir Karim
16 Little Court
Wantage Oxford
OX129FZ
UK

Luvi Teroc-Velino, Esq.
1876 Bureau Dr.
Fayetteville, NC 28312-8832